UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICIA A. WILLIAMS, ETC., ET AL        CIVIL ACTION

VERSUS        NO. 06-11364

SCOTTSDALE INSURANCE COMPANY        SECTION "C" (1)

ORDER AND REASONS

This matter comes before the Court on (1) motion in limine to exclude and/or strike expert testimony filed by Scottsdale Insurance Company ("Scottsdale") (Rec. Doc. 23); (2) motion in limine to limit damages based upon prior flood payments to plaintiff filed by Scottsdale (Rec. Doc. 24); and (3) motion in limine to preclude any evidence of or reference to mental anguish damages filed by Scottsdale. (Rec. Doc. 25).  Having considered the record, the memoranda of counsel and the law, the Court rules as follows.

Scottsdale challenges the expert testimony of Ronald P. Cressy ("Cressy"), a civil engineer, who proposes to opine that "the cause of the damage to the rear wall, rear

1

stair, front and side wall, second floor windows, walls, ceilings, and insulation and the roof of this building was high winds or a tornado in hurricane Katrina." (Rec. Doc. 23, Exh. A, p. 3). Scottsdale argues that Cressy is not qualified to make the opinions offered because he bases them on on an unrelated meteorological report and otherwise fails to consider any relevant meteorological analysis. The plaintiffs admit that Cressy did use an unrelated report but that the opinions are the same in both. Scottsdale replies that the relevant report actually states that there was no confirmed tornadoes in the area during the storm. (Rec. Doc. 30, Exh. 3, p. 6). The Court finds because the report does rely on an unrelated document with regard to causation by wind, the testimony as proffered should be stricken.[1]

Scottsdale also argues that Cressy is not qualified to give a meteorological opinion as to causation under *Daubert v. Merrill-Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The plaintiff does not appear to oppose this argument, which the Court finds meritorious. Based on the record, however, the Court is not persuade that Cressy is qualified to testify that certain damage was caused by wind and not flood. In light of the continuance, this issue can be revisited at a later date.

---

[1] In light of the trial continuance, the defendant's objections as to the other proposed expert testimony as afoul of Fed. R. 26(a)(2)(B), are moot.

Next, Scottsdale argues that payments received under the plaintiffs' flood insurance policy should offset any recovery under the homeowner's policy. Specifically, it argues that "to the extent plaintiffs' damages minus flood payments are less than the amount demanded in this suit, Scotttsdale should be entitled to a setoff." (Rec. Doc. 24, p. 3).  This argument is based, in part, on the fact that Scottsdale had not recovered estimates regarding the total damage allegedly sustained.   It also argues that any damage caused by water or water and wind combined are excluded from coverage.  The plaintiffs argue that Scottsdale has received all relevant documentation,  that they are "entitled to recover from the defendant insurer all uncompensated losses which the plaintiffs demonstrate are covered by the defendant's policy"  and "that the actual cost of repairs exceeds the available insurance under both flood and wind policies. (Rec. Doc. 31, pp. 2-3).   The parties appear to agree on the legal issues raised in this motion, and any missing discovery can be cured with the additional time afforded by the trial continuance.

Finally, Scottsdale argues that mental anguish damages are foreclosed under the circumstances presented.   This Court agrees with that argument and disagrees with the plaintiffs' interpretation of *Sher v. Lafayette Insurance Co.*, 2008 WL 928486 (La) and La. Civ. Code art. 1998.

Accordingly,

IT IS ORDERED that:

(1) the motion in limine to exclude and/or strike expert testimony filed by Scottsdale Insurance Company is PARTIALLY GRANTED and PARTIALLY DISMISSED without prejudice (Rec. Doc. 23);

(2) the motion in limine to limit damages based upon prior flood payments to plaintiff filed by Scottsdale is DISMISSED WITHOUT PREJUDICE (Rec. Doc. 24);

(3) the motion in limine to preclude any evidence of or reference to mental anguish damages filed by Scottsdale is GRANTED.  (Rec. Doc. 25).

New Orleans, Louisiana, this 3rd   day of October, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE